...

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL DIETLE,<br><br>        Plaintiff,<br><br>    v.<br><br>RAFAEL MIRANDA, et al.,<br><br>        Defendants. | No. 2:14-cv-01728 WBS AC P<br><br><br>ORDER |

    Plaintiff is a state prisoner and proceeding with counsel. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has paid the statutory filing fee for this action.

I.    <u>Statutory Screening of Prisoner Complaints</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled,
3  has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.
4  1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-
5  31 (9th Cir. 2000).

6  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
7  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
10 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
11 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
12 sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts
13 are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .
14 . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)
15 (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).
16 In reviewing a complaint under this standard, the court must accept as true the allegations of the
17 complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.
18 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468
19 U.S. 183 (1984).

20 II.   Complaint

21  In his complaint, plaintiff sues the following defendants: Rafael Miranda, Dorothy
22 Swingle, and Does 1-20. ECF No. 1 at 3-4. He raises three claims for relief, each of which is
23 identified as being against "all defendants." Id. at 5-6.

24  Plaintiff generally alleges that between 1986 and 1993, his right hand was reconstructed
25 twice, he suffered a left shoulder injury, he had a total left hip replacement, and he suffered a
26 gunshot wound to the head that resulted in a severe skull fracture that causes seizures. Id. at 2, ¶
27 3. He claims to suffer from "seizure disorders, severe hip pain, chronic hand pain, and shoulder
28 pain," and that despite repeated attempts to receive treatment from medical staff and utilize the

2

1  grievance process to address his issues, he is being ignored and denied adequate medical care to
2  address his pain and other chronic issues.  Id. at 2, 4-5, ¶¶ 3, 16, 17.

3  More specifically, plaintiff alleges that on July 17, 2012, upon his arrival at High Desert
4  State Prison ("HDSP"), defendant Miranda took his medical appliances from him and
5  discontinued his time-released pain medication.  Id. at 2-3, ¶ 6.  The appliances taken were a hip
6  brace, knee brace, and cane.  Id.

7  Plaintiff also alleges that on August 13, 2012, he was housed on B-Yard, a Sensitive
8  Needs Yard, and that he was placed in a holding cell with inmates from A-Yard who
9  subsequently assaulted him.  Id. at 3, ¶ 7.  The identities of the correctional officers responsible
10 for plaintiff's placement are currently unknown to him.  Id.

11 In Count I, plaintiff alleges that because of these actions, all defendants have violated his
12 Eighth Amendment right against cruel and unusual punishment with relation to his medical care.
13 Id. at 5, ¶¶ 18-21.  In Count II, plaintiff alleges that "Defendants' de facto attempts to threaten
14 and/or dissuade Plaintiff from complaining or initiating legal action following these incidents"
15 violate his Fourteenth Amendment right to procedural due process.  Id. at 6., ¶ 23  Finally, in
16 Count III, plaintiff makes a claim for agency liability based upon the "formal policies and
17 practices of Defendants" related to the provision of healthcare.  Id., ¶¶ 26-28.  Plaintiff seeks
18 compensatory and punitive damages.  Id. at 7.

19 III.    Failure to State a Claim
20         A.      Defendant Swingle

21 Although plaintiff identifies Dr. Swingle as a defendant (ECF No. 1 at 3, ¶ 11), the
22 complaint does not contain a single, specific allegation against her.  With the exception of the
23 claims against defendant Miranda (id. at 2-3, ¶ 6), the complaint makes only general allegations
24 against defendants collectively and does not state facts from which the court may infer how
25 defendant Swingle was involved or that she would be liable under one or more causes of action.
26 At a minimum, "allegations in a complaint or counterclaim may not simply recite the elements of
27 a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and
28 ////

3

to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiff has not sufficiently alleged any claims against defendant Swingle, and the claims against her will be dismissed with leave to amend.

B.   Count I

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976).  This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  Jett, 439 F.3d at 1096 (citations omitted).  A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

In Count I, plaintiff alleges that due to his incarceration, "he is at the mercy of the whims of the medical staff and their repeated denials in provid[ing] Plaintiff with appropriate medical care and pain relief . . . has caused extreme and chronic suffering for Plaintiff to which he can get no relief."  ECF No. 1 at 5, ¶ 19.  However, the only defendant plaintiff makes specific allegations against is defendant Miranda.  Id. at 2-3, ¶ 6.  To the extent plaintiff may be attempting to bring a claim for deliberate indifference against defendant Swingle or Doe defendants, the claims against them must be dismissed for failure to state a claim.  Other than the

4

claim that unidentified individuals denied him appropriate pain medication, plaintiff's only allegations are that unspecified individuals refused to provide him with unspecified treatment. Id. at 2, 4-5, ¶¶ 4, 15-17, 19. This is insufficient to allege deliberate indifference to plaintiff's serious medical need. The claims in Count I against Defendant Swingle and Doe defendants will therefore be dismissed with leave to amend.

### C. Count II

Insofar as plaintiff cites a violation of his rights under the Fourteenth Amendment based on medical care, his claims are properly analyzed under the Eighth Amendment. The concept of substantive due process is expanded only reluctantly and therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quotation marks and citation omitted).

To the extent plaintiff may be attempting to allege a due process violation based on the mishandling of grievances, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann, 855 F.2d at 640; see also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). A failure to process a grievance, without more, does not state a constitutional violation. Buckley, 997 F.2d at 495. Plaintiff has alleged nothing more than a failure to process his grievances. ECF No. 1 at 2, 4, ¶¶ 5, 16.

Finally, based on plaintiff's allegations that defendants were attempting to dissuade him from "initiating legal action" and prevented him "from using the law library to assist him with this case," it appears that he may be attempting to bring a claim for denial of access to the courts. ECF No. 1 at 6, ¶¶ 23-24.

Prison inmates have a constitutionally protected right to access the courts in order to bring challenges to their criminal convictions and to the conditions of their confinement. Lewis v.

1   Casey, 518 U.S. 343, 354-55 (1996).  The constitutional right of access to the courts is only a
2   right to bring petitions or complaints to the federal court and not a right to discover such claims or
3   even to litigate them effectively once filed with a court.  Lewis, 518 U.S. at 354; see also Cornett
4   v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).  However, prison officials may not actively
5   interfere with an inmate's ability to access the courts.  Silva v. Di Vittorio, 658 F.3d 1090, 1102-
6   03 (9th Cir. 2011).  To maintain an access-to-the-courts claim, an inmate must submit evidence
7   showing an "actual injury" resulting from the defendant's actions.  Lewis, 518 U.S. at 349.  With
8   respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to
9   meet a filing deadline or to present a claim."  Id. at 348-49.  A claim for denial of access to the
10  courts may arise from either the frustration or hindrance of an opportunity to litigate or from "the
11  loss or inadequate settlement of a meritorious case, . . . or the loss of an opportunity to seek some
12  particular order of relief."  Christopher v. Harbury, 536 U.S. 403, 413-14 (2002) (citations
13  omitted).  There is no "abstract, freestanding right to a law library or legal assistance."  Lewis,
14  518 U.S. at 351.  Plaintiff makes only vague allegations of interference with his access to the
15  courts and does not allege any actual injury.
16       For these reasons, Count II fails to state a claim and will be dismissed with leave to
17  amend.
18       D.    Count III
19       Given plaintiff's characterization of Count III as "Formal Policies and Procedures –
20  Agency Liability," it appears that plaintiff may be attempting to make a claim based on Monell v.
21  Dept. of Social Serv., 436 U.S. 658 (1978).  To the extent Count III is attempting to bring such a
22  claim, it cannot stand.  Monell provides for civil liability for municipalities; it does not change the
23  settled prior law that states and their agencies are not persons for § 1983 purposes.  See Will v.
24  Michigan Dept. of State Police, 491 U.S. 58, 69 (1989) ("[I]t does not follow that if
25  municipalities are persons so are states.  States are protected by the Eleventh Amendment while
26  municipalities are not.") (citing Monell, 436 U.S. at 690, n. 54).  Not only has plaintiff not
27  identified a municipality as a defendant, but all defendants were employed by the California
28  Department of Corrections (ECF No. 1 at 3-4, ¶¶ 10-12), a state agency.  Any claim for agency

1  liability under § 1983 must be dismissed.

2  In Count III, plaintiff alleges that the defendants' refusal to provide him with adequate
3  medical care violated his "constitutional and state law rights [and] were the direct and proximate
4  cause of the formal policies and practices of Defendants as alleged herein." ECF No. 1 at 6, ¶ 26.
5  To the extent plaintiff is attempting to make a claim for violations of his Eighth Amendment
6  rights by individual defendants based upon the denial of medical care, Count III is duplicative of
7  Count I and should be dismissed as such. If plaintiff is attempting to claim that the defendants
8  instituted policies or procedures that led to other individuals violating his rights, Count III fails to
9  state a claim.

10  First, plaintiff does not identify the policies and practices that violated his rights, nor does
11  he allege a factual basis for finding the individually named defendants responsible for
12  implementing the unidentified formal policies and practices. Next, there is no respondeat
13  superior liability under § 1983. Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A defendant
14  may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal
15  involvement in the constitutional deprivation, or (2) a sufficient causal connection between the
16  supervisor's wrongful conduct and the constitutional violation." See Starr, 652 F.3d at 1207 (9th
17  Cir. 2011) (citation and internal quotation marks omitted). Plaintiff has not sufficiently alleged
18  either of these. Finally, supervisory liability may exist without any personal participation if the
19  official implemented "a policy so deficient that the policy itself is a repudiation of the
20  constitutional rights and is the moving force of the constitutional violation." Redman v. County
21  of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). However, the complaint does not contain any
22  facts to establish that such a policy exists or that defendants are responsible for implementing
23  such a policy. Count III will therefore be dismissed with leave to amend.

24  E.  Failure to Protect

25  Though plaintiff does not specifically make a claim for relief for failure to protect, it
26  appears that such a claim may have been intended. ECF No. 1 at 3, ¶ 7. Under the Eighth
27  Amendment, prison officials have a duty to take reasonable steps to protect inmates from assaults
28  at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). To establish a

1  violation of this duty, the prisoner must show first, that he was incarcerated under conditions
2  posing a substantial risk of serious harm; and second, that a prison official knew of and was
3  deliberately indifferent to this risk.  Id. at 834.  Mere negligence on the part of the prison official
4  is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id.
5  at 835.  Plaintiff's bare allegation that he was placed in a cell with inmates from another yard and
6  subsequently assaulted (ECF No. 1 at 3, ¶ 7) is insufficient to establish that officers knew of and
7  were deliberately indifferent to a risk to his safety.
8       Any claim plaintiff may be attempting to make for failure to protect is dismissed with
9  leave to amend.  However, plaintiff is reminded that if he seeks to make a claim on these grounds,
10 joinder must be appropriate under Federal Rules of Civil Procedure 18(a) and 20(a)(2).
11      III.    Claim for Which Response Will Be Required
12      Plaintiff claims that defendant Miranda took away his medical appliances and
13 discontinued his time-released pain medication.  ECF No. 1 at 2-3, ¶ 6.  Although plaintiff's
14 allegations indicate that his constant pain is largely due to various unidentified members of
15 medical staff denying his requests for unspecified treatment (id. at 2, 4-5, ¶¶ 4, 15-17, 19), and
16 the only specific allegations against Miranda are sparse, he does allege that due to the "actions of
17 all Defendants," which would include Miranda, he has suffered "extreme pain."  Id. at 5, ¶ 20.
18 Therefore, defendant Miranda will be required to respond to Count I to the extent he is alleged to
19 have taken away plaintiff's medical appliances and discontinued his time-released pain
20 medication, causing plaintiff extreme pain.
21      IV.    Leave to Amend
22      As set forth above, the court has reviewed plaintiff's complaint and, for the limited
23 purposes of § 1915A screening, finds that it states a cognizable claim against defendant Miranda.
24 See 28 U.S.C. § 1915A.
25      For the reasons stated below, the court finds that the complaint does not state a cognizable
26 claim against defendant Swingle or any Doe defendants.  The claims against those defendants are
27 hereby dismissed with leave to amend.
28      Plaintiff may proceed forthwith to serve defendant Miranda and pursue his claims against

only that defendant or he may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants. If plaintiff elects to attempt to amend his complaint to state a cognizable claim or claims against the remaining defendants, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Miranda, against whom he has stated a cognizable claim for relief, then within thirty days he must file a proof or waiver of service for defendant Miranda or a notice of intent to serve defendant Miranda. In this event the court will construe plaintiff's election as consent to dismissal of all claims against the remaining defendants without prejudice.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). He may also join multiple defendants if the claims against them arise from the same transaction, occurrence, or series of transactions or occurrences and there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendant Swingle and Doe defendants are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt

to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. As set forth above, the allegations in the pleading are sufficient at least to state cognizable claims against defendant Miranda. <u>See</u> 28 U.S.C. § 1915A. If plaintiff elects not to amend the complaint, then within thirty days of the filing of this order he must file either (1) a notice of intent to serve defendant Miranda within sixty days or (2) proof or waiver of service of process for defendant Miranda. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Swingle and Doe defendants without prejudice.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: May 22, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE