UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL DIETLE, | No. 2:14-cv-1728 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| RAFAEL MIRANDA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

On November 19, 2015, the court issued an order directing plaintiff to show cause why the case should not be dismissed for failure to both effect timely service and comply with the court's August 17, 2015 order to file a status report. ECF No. 19. Counsel for plaintiff responded and stated that she had been advised that the litigation coordinator at High Desert State Prison (HDSP) had authority to accept summons on behalf of HDSP employees so long as they were being sued within the scope of their employment. ECF No. 20 at 2, ¶ 3. On September 29, 2015, counsel proceeded to mail the summons and complaint to the litigation coordinator via certified mail. Id., ¶ 4. On October 13, 2015, counsel received a letter from the Attorney General's Office returning the summons and complaint and stating that counsel had not complied with Federal Rule of Civil Procedure 4. Id. Counsel did not take any further action until

1

1  November 25, 2015, after this court issued the order to show cause, at which time she contacted a
2  process server and explained the situation.  Id., ¶ 5.  The process server advised that he had
3  known the litigation coordinator for a number of years and served many complaints at HDSP and
4  assured counsel that he would have the complaint served within the week.  Id. at 2-3, ¶¶ 6-7.
5  Counsel apologizes for her delay and oversight and reiterates that she believed the litigation
6  coordinator would accept the summons and complaint.  Id. at 3, ¶ 8.  She further apologizes for
7  the delay in contacting a process server after receiving the letter from the Attorney General's
8  Office and states it was due to unintentional oversight.  Because defendant Miranda has answered
9  the complaint, the court does not find sanctions in the form of dismissal appropriate.  For the
10 reasons set forth below, however, the court finds that counsel's performance warrants a lesser,
11 monetary sanction.
12        "Failure of counsel or of a party to comply with these Rules or with any order of the Court
13 may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule
14 or within the inherent power of the Court."  L.R. 110.  "[B]efore dismissing a case under
15 Fed.R.Civ.P. 41(b) for failure to comply with an order of the court, the district court should
16 consider less severe sanctions."  Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 520 (9th
17 Cir. 1983) (citing Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir. 1981)).  District courts may
18 impose "reasonable monetary sanctions against attorneys for violations of local rules when they
19 are the offending parties."  Id. at 521.  "[I]mposing a monetary penalty on counsel is an
20 appropriate sanction considerably less severe than holding counsel in contempt, referring the
21 incident to the client or bar association, or dismissing the case."  Id. (citing Raiford, 640 F.2d at
22 945 n.1).  When imposing monetary sanctions under local rules, counsel must have displayed
23 "conduct amounting to recklessness, gross negligence, repeated—although unintentional—
24 flouting of court rules, or willful misconduct."  Zambrano v. City of Tustin, 885 F.2d 1473, 1481
25 (9th Cir. 1989) (footnotes omitted).
26       Despite assurances that defendant would be served within a week of counsel's response to
27 the order to show cause, over three weeks later counsel has still failed to file a proof or waiver of
28 ////

service, despite the requirement she do so.[1]  Fed. R. Civ. P. 4(l); L.R. 210; see also ECF No. 17 at 2 (requiring plaintiff to advise court of date and manner of service of process in status report). Other than a general claim of oversight and her belief that the litigation coordinator would accept the summons, counsel offers no explanation why it took her forty-three days to mail the summons to the litigation coordinator, despite having only sixty days to complete service and having already failed to serve the complaint within the original time set by the court.  Nor does she explain why she failed to obtain a summons from the Clerk of the Court, as was her responsibility.  Fed. R. Civ. P. 4(b); L.R. 210(a).  As noted in the order to show cause, counsel's failure to meet her responsibilities resulted in the court directing the Clerk to issue a summons eighty-three days after issuance of the screening order allowing the case to go forward against defendant Miranda, and sixty-three days after counsel notified the court that plaintiff would not be amending the complaint.  ECF No. 19 at 2.  It appears highly unlikely that counsel would have ever obtained a summons had the court not taken action.

In explaining the failure to effect timely service, counsel states generally that she was advised that she had not complied with Rule 4 and seems to suggest that the summons did not comply because it was mailed to the litigation coordinator rather than to defendant Miranda.  ECF No. 20 at 2, ¶¶ 4-5.  However, there are numerous ways in which one can fail to comply with Rule 4.  For instance, while a request for waiver of service is properly sent by mail, Fed. R. Civ. P. 4(d)(1)(G), a complaint and summons is not properly served by mail unless it is accompanied by the additional documents required by California law, Fed. R. Civ. P. 4(e); Cal. Civ. Proc. Code § 415.30.  While it appears that the litigation coordinator represented that she could accept service on defendant Miranda's behalf, there is nothing to indicate that she would accept defective service or waive any defects in service on defendant Miranda's behalf.  Counsel's recitation of her discussions with the process server regarding the litigation coordinator and when the litigation coordinator would be at HDSP seem to indicate that the process server intended serve the summons and complaint on the litigation coordinator.  ECF No. 20 at 2-3, ¶ 6.  This implies that

---

[1] Because defendant Miranda has now filed an answer to the complaint (ECF No. 21), the court assumes that service was completed.

the documents mailed by counsel were in some way defective rather than that the litigation coordinator would not accept service.

After receiving the communication from the Attorney General's Office only three days before the expiration of the time to serve defendant, counsel waited forty-three days to contact a process server. ECF No. 20 at 3, ¶ 8. The only explanation she gives is that it was another unintentional oversight. Id. Again, counsel's oversight likely would not have been corrected had the court not issued the order to show cause. See id. at 2, ¶ 5.

Finally, counsel has failed to file the status report required by the August 17, 2015 order (ECF No. 17) or to even address that continued failure despite explicit direction to do so in the order to show cause (ECF No. 19). The parties were warned that "failure to file a status report in accordance with [the] order may result in the imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses." ECF No. 17 at 3. Plaintiff's status report is currently over a month late. However, because defendant Miranda has now answered the complaint, and in order to allow the possibility of a joint report, the court will set a scheduling/status conference and require status reports, or a joint report if possible, to be filed no less than fourteen days in advance.

The Eastern District of California maintains one of the heaviest caseloads in the nation and it does not have the time or resources, nor is it the court's responsibility, to continually remind counsel of her responsibilities or deadlines. While the court does not find that counsel's conduct amounts to willful misconduct, it certainly amounts to gross negligence and a repeated, though apparently unintentional, flouting of both court rules and orders. Counsel was given notice of the court's intention to issue sanctions, an opportunity to show cause why sanctions should not be issued, and has not requested a hearing. Miranda, 710 F.2d at 523 (attorney must be afforded due process outlined in Fed. R. App. P. 46(c)); Fed. R. App. P. 46(c) (prior to imposing sanctions, court must afford attorney "reasonable notice, an opportunity to show cause to the contrary, and, if requested, a hearing"). The court therefore finds it appropriate to sanction plaintiff's counsel of record, Julia M. Young, $250.00, payable to the Clerk of the Court, for failing to comply with the Federal Rules of Civil Procedure, Local Rules, and this court's orders.

1  Continued failure to comply with court rules and orders will result in additional and increased
2  sanctions.
3        Accordingly, IT IS HEREBY ORDERED that:
4      1. Plaintiff's counsel of record, Julia M. Young, is sanctioned $250.00, payable to the
5  Clerk of the Court within ten days of this order.  This sanction is personal to the attorney and is
6  not to be transmitted to the client by way of a charge or attorney's fees and/or costs.
7      2. A Status (Pretrial Scheduling) Conference is set for February 10, 2016, at 10:00 a.m. in
8  Courtroom No. 26 before the undersigned.  All parties shall appear by counsel or in person if
9  acting without counsel.
10      3. The parties must confer, as required by Federal Rule of Civil Procedure 26(f), prior to
11  the Status Conference.
12      4. No later than fourteen days prior to the Status Conference, the parties shall file status
13  reports[2] addressing the following matters:
14        a. Service of process;
15        b. Possible joinder of additional parties;
16        c. Any expected or desired amendment of the pleadings;
17        d. Jurisdiction and venue;
18        e. Anticipated motions and their scheduling;
19        f. The report required by Federal Rule of Civil Procedure 26 outlining the
20  proposed discovery plan and its scheduling, including disclosure of expert witnesses;
21        g. Future proceedings, including setting appropriate cut-off dates for discovery
22  and law and motion, and the scheduling of a pretrial conference and trial;
23        h. Special procedures, if any;
24        i. Whether this matter is ready for trial and, if not, why not;
25        j. Estimated trial time;
26  ////
27
28  [2] The parties are encouraged to file a joint status report.

1           k. Modification of standard pretrial procedures specified by the rules due to the
2 simplicity or complexity of the proceedings;

3           l. Whether a settlement conference should be scheduled;

4           m. Whether this case is related to any other cases;

5           n. Whether counsel will stipulate to the magistrate judge assigned to this matter
6 acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they
7 prefer to have a settlement conference before another judge;

8           o. Any other matters that may add to the just and expeditious disposition of this
9 matter.

10     5. The parties are reminded that although plaintiff is a prisoner, he is represented by
11 counsel and this case is therefore not exempt from the initial disclosure rules and motions are to
12 be noticed in accordance with the requirements of Local Rule 230(a)-(k).

13     6. Due to the extraordinarily high case load of the district court judges in this district,
14 trials in civil rights actions concerning prison conditions are often conducted by United States
15 Magistrate Judges with the consent of all the parties. A trial conducted by a magistrate judge is
16 far more likely to proceed on a scheduled trial date. Presently, when a civil trial is set before a
17 district judge, any criminal trial which conflicts with the civil trial will take priority, even if the
18 civil trial date was set first. Thus, a civil trial set before a district judge is often trailed day to day
19 or week to week until the completion of the matter occupying the district court. Consenting to the
20 jurisdiction of a magistrate judge for all purposes will generally expedite the resolution of an
21 action.

22     The parties are therefore reminded of the availability of a United States Magistrate Judge
23 to conduct all proceedings in this action. A United States Magistrate Judge is available to
24 conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of
25 Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States
26 Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.
27 Consistent with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District,
28 if the matter proceeds to trial under this process, the Court will handle the trial just as any other

civil case which comes before the Court.

Withholding consent or declining jurisdiction of a United States Magistrate Judge for all purposes will have no effect on the merits of a party's case or have any adverse substantive consequences.[3]  A party may also consent to magistrate judge jurisdiction at any time, even if the party has previously declined such jurisdiction.

DATED: December 23, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] Even if the parties decline consent, under Local Rule 302 the assigned magistrate judge will still conduct a number of pretrial matters.