1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DARRELL DIETLE,                              No.  2:14-cv-1728 WBS AC P

12                 Plaintiff,

13         v.                                    FINDINGS & RECOMMENDATIONS

14  RAFAEL MIRANDA, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant

18  to 42 U.S.C. § 1983.  Currently before the court is defendant's fully briefed motion for summary

19  judgment.  ECF No. 27.

20     I.      Procedural History

21         This case proceeds on the original complaint.  After discovery closed, defendant Miranda

22  filed a motion for summary judgment.  ECF No. 27.  In opposing the motion, plaintiff initially

23  failed to support alleged factual disputes with citation to the record as required by Rule 56(c) and

24  Local Rule 260(b).  ECF No. 28-1.  Plaintiff was given an opportunity to file an amended

25  response that included proper citations to the record, and defendant was given an opportunity to

26  reply.  ECF No. 30.  In addition to filing an amended response to the statement of facts, plaintiff

27  included a supplemental declaration (ECF No. 31-1) to which defendant objects (ECF No. 32-2).

28  The motion for summary judgment was heard on September 21, 2016.  ECF No. 33.

                                                1

1    II.      Plaintiff's Allegations

2         Plaintiff generally alleges that between 1986 and 1993, his right hand was reconstructed

3    twice, he suffered a left shoulder injury, he had a total left hip replacement, and he suffered a

4    gunshot wound to the head that resulted in a severe skull fracture that causes seizures.  ECF No. 1

5    at 2, ¶ 3.  As a result, he suffers from "seizure disorders, severe hip pain, chronic hand pain, and

6    shoulder pain."  Id. at 4-5, ¶ 17.  Plaintiff alleges that on July 17, 2012, upon his arrival at High

7    Desert State Prison (HDSP), defendant Miranda, a physician's assistant, took his medical

8    appliances from him and discontinued his time-released pain medication.  Id. at 2-3, ¶ 6.  The

9    appliances taken were a hip brace, knee brace, and cane.  Id.  During his deposition, plaintiff

10   asserted that he had a walker taken away, not a cane.  ECF No. 27-1 at 5, fn.1.

11   III.     Motion for Summary Judgment

12        A.       Defendant's Arguments

13        Defendant moves for summary judgment on the grounds that he was not deliberately

14   indifferent to plaintiff's medical needs, that plaintiff did not suffer any injury, and that he is

15   alternatively entitled to qualified immunity.  ECF No. 27-1.

16        B.       Plaintiff's Response

17        Plaintiff argues that defendant was deliberately indifferent to his medical needs when he

18   took away his medical appliances because his medical history demonstrated that he had numerous

19   medical issues and defendant Miranda was not sufficiently qualified to make the decision to take

20   the medical appliances away.  ECF No. 28.  Plaintiff makes no argument regarding the alleged

21   discontinuation of his pain medication or defendant Miranda's claim to be entitled to qualified

22   immunity.  Id.

23   IV.      Legal Standards for Summary Judgment

24        Summary judgment is appropriate when the moving party "shows that there is no genuine

25   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

26   Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party initially bears the burden

27   of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627

28   F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The

moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"  T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. V. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).  Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party."  Walls v. Central Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted).  It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586 (citations omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

V.      Legal Standard Governing Eighth Amendment Claims

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104), overruled on other

4

1   grounds <u>WMX Techs. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Deliberate indifference

2   can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or

3   possible medical need and (b) harm caused by the indifference.  <u>Jett v. Penner</u>, 439 F.3d 1091,

4   1096 (9th Cir. 2006) (citation omitted).  A difference of opinion between an inmate and prison

5   medical personnel—or between medical professionals—regarding appropriate medical diagnosis

6   and treatment are not enough to establish a deliberate indifference claim.  <u>Sanchez v. Vild</u>, 891

7   F.2d 240, 242 (9th Cir. 1989); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004).  To

8   establish a difference of opinion rises to the level of deliberate indifference, plaintiff "must show

9   that the course of treatment the doctors chose was medically unacceptable under the

10  circumstances."  <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

11      VI.    <u>Undisputed Material Facts</u>

12          A.    <u>Plaintiff's Amended Response</u>

13        Defendant objects to plaintiff being allowed to submit an amended response to the

14  statement of facts because "Plaintiff is represented by counsel and there is no basis for such

15  oversight or leniency."  ECF No. 32-1 at 2; ECF No. 32 at 4.  As the court previously noted,

16  Federal Rule of Civil Procedure 56(e) states:

17          If a party fails to properly support an assertion of fact or fails to
            properly address another party's assertion of fact as required by

18          Rule 56(c), the court may:

19          (1) give an opportunity to properly support or address the fact.

20  ECF No. 30.  The Rule does not set forth any criteria for taking this particular course of action

21  over another, and in fact gives the court broad discretion in how it chooses to address such a

22  deficiency.  <u>See</u> Fed. R. Civ. P. 56(e)(4) (the court may also address such a failure by "issu[ing]

23  any other appropriate order").  Moreover, it is well established that disposition on the merits is

24  favored over a decision based on a technicality.

25  ////

26  ////

27  ////

28  ////

1
2
3
4
5
6

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.[1]  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 [(1957)].  The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action."  Rule 1.

7   Foman v. Davis, 371 U.S. 178, 181-82 (1962).  The deficiency was recognized and ordered fixed

8   one week after filing, and defendant was given an opportunity to file a supplemental reply.

9   Defendant has not suffered any prejudice as a result of plaintiff being allowed to add record

10  citations to his response.  The objection is overruled.

11           B.       Plaintiff's Declarations

12           Plaintiff has submitted both an initial and a supplemental declaration.  ECF Nos. 28-4, 31-

13  1.  Both declarations are deficient.  Counsel has e-signed both declarations for plaintiff with a

14  footnote that states that plaintiff gave his permission to sign electronically on a specified date

15  during a call between plaintiff and counsel.  ECF No. 28-4 at 3, fn.i; ECF No. 31-1 at 5, fn.i.  As

16  defendant points out, there is no indication that plaintiff either read the contents of the

17  declarations or that counsel read the declarations to him.  Moreover, although the Local Rules

18  allow for a non-attorney's signature to be submitted electronically using "/s/" and that person's

19  name, the signature must include "a statement that counsel has a signed original."  L.R. 131(f).

20  An e-signature affixed by counsel where the client did not actually see the document does not

21  satisfy the requirement of 28 U.S.C. § 1746 even if the declarant "directed his attorney to write

22  the declaration, had the declaration read to him in its entirety, and authorized his attorney to affix

23  his signature."  Freezor v. Excell Stocton, LLC, No. CIV S 12-0156 KJM EFB, 2013 WL

24  5486831, at *3-4, 2013 U.S. Dist. LEXIS 142715, at *8-10 (E.D. Cal. Sept. 30, 2013).  "'[I]t is

25  improper to represent to the Court that a declarant swears under penalty of perjury to the contents

26

27  ───────────────
    1  Referring to technical deficiencies in a notice of appeal where the defect did not misled or prejudice respondent.

28

1    of a document the declarant never saw.'" <u>Id.</u>, at *4; 2013 U.S. Dist. LEXIS 142715, at *10

2    (quoting <u>Valiavicharska v. Celaya</u>, No. CV 10-4847 JSC, 2012 WL 1016138, at *4, 2012 U.S.

3    Dist. LEXIS 42213, at *10 (N.D. Cal. Mar. 22, 2012)).

4            In <u>Valiavicharska</u>, counsel admitted that his client "never saw the declaration or approved

5    its contents verbatim," which may or may not be the case in this instance.  <u>Valiavicharska</u>, 2012

6    WL 1016138, at *2, 2012 U.S. Dist. LEXIS 42213, at *7.  However, the court went on to discuss

7    the fact that the rules allowing an attorney to e-file a declaration, like the local rules in this

8    district, require the attorney to maintain the signed original and opined that it is likely that "oral

9    communications alone cannot authorize an electronic signature." <u>Id.</u>, *2-3; 2012 U.S. Dist.

10   LEXIS 42213, at *7-9.  Regardless, "[a]t the summary judgment stage, [the court does] not focus

11   on the admissibility of the evidence's form.  [It] instead focus[es] on the admissibility of its

12   contents." <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th Cir. 2003).  In other words, the court can

13   consider the evidence if its contents could be presented in an admissible form at trial.  <u>Id.</u> at 1037.

14   Therefore, although plaintiff's declarations were deficiently executed, to the extent the initial

15   declaration is consistent with plaintiff's deposition transcript and contains information about

16   which plaintiff has personal knowledge and is competent to testify and that could be presented by

17   plaintiff in an admissible form, it will be considered.  For the reasons discussed below, the

18   supplemental declaration will be disregarded.

19           Defendant's objection that plaintiff exceeded the scope of the court's order by submitting

20   a supplemental declaration is well taken.  Plaintiff was given leave to add citations to the record

21   to support his disputes, not to add to the record (ECF No. 30), and he did not seek leave to file an

22   amended or supplemental declaration.  Moreover, even if the court were to consider the

23   supplemental declaration, its contents are largely inadmissible as evidence or are irrelevant.

24           Rule 56(c)(4) of the Federal Rules of Civil Procedure states that affidavits and

25   declarations submitted for or against a summary-judgment motion "must be made on personal

26   knowledge, set out facts that would be admissible in evidence, and show that the affiant or

27   declarant is competent to testify on the matters stated."  In other words, only potentially

28   admissible evidence may be considered by the court.  <u>Beyene v. Coleman Sec. Servs., Inc.</u>, 854

7

1   F.2d 1179, 1181 (9th Cir. 1988).  Inadmissible hearsay cannot be considered on a motion for

2   summary judgment.  Anheuser-Busch v. Natural Beverage Distrib., 69 F.3d 337, 345 n.4 (9th Cir.

3   1995) (citing Blair Foods, Inc. v. Ranchers Cotton Oil, 610 F.2d 665, 667 (9th Cir. 1980));

4   Courtney v. Canyon Television & Appliance Rental, Inc., 899 F.2d 845, 851 (9th Cir. 1990);

5   Fong v. Am. Airlines, Inc., 626 F.2d 759, 763 (9th Cir. 1980).  Statements in affidavits that are

6   legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the

7   standards of personal knowledge, admissibility, and competence required by 56(c)(4).  Blair

8   Foods, 610 F.2d at 667; Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

9   "[F]ailure to remember and lack of knowledge are not sufficient to create a genuine dispute."

10  Fed. Election Comm'n v. Toledano, 317 F.3d 939, 950 (9th Cir. 2002) (holding that "[t]he district

11  court was entitled to treat [facts challenged on these grounds] as established for purposes of

12  summary judgment"); Blanford v. Sacramento County, 406 F.3d 1110, 1113 n.3 (9th Cir. 2005)

13  (noting that court considering summary judgment may accept defendant's version of plaintiff's

14  conduct where plaintiff merely testifies that he does not remember a particular act).

15          Almost half of the paragraphs in plaintiff's supplemental declaration contain statements

16  that he does not know something, has no personal knowledge of the fact, or does not remember.

17  ECF No. 31-1 at ¶¶ 2-6, 8-12, 19, 22, 29.  A number of other paragraphs contain hearsay, with no

18  evidence that plaintiff could make the hearsay admissible, and opinions which plaintiff is not

19  qualified to give.  Id. at ¶¶ 6-7, 17, 21, 24, 27-28, 30.  None of these statements creates a triable

20  issue of fact, and those portions of the declaration have no evidentiary value and will be

21  disregarded.

22          To the extent plaintiff tries to change his testimony from that given during his deposition

23  and his previous declaration, in an apparent attempt to create a factual dispute (id. at ¶¶ 7, 13, 15-

24  16, 18, 20, 26), the supplemental declaration is improper.  Moreover, even if the court were to

25  consider these new statements, they are insufficient to create any material factual disputes for the

26  reasons addressed below.  The remaining statements that assert facts that plaintiff is competent to

27  testify to are consistent with his original declaration and will be considered to the extent they are

28  material to disposition of the motion.  ECF No. 31-1 at ¶¶ 9-11, 21-25.

8

1

C.     Undisputed Material Facts

2      At all times relevant to the complaint, plaintiff was an inmate at HDSP.  Defendant's

3 Statement of Undisputed Facts (DSUF) (ECF No. 27-2) ¶ 1; Amended Response to DSUF (AR)

4 (ECF No. 31) ¶ 1.  Plaintiff was transferred to HDSP on July 17, 2012.  DSUF ¶ 3; AR ¶ 3.  In the

5 years prior to arriving at HDSP plaintiff suffered from a number of ailments that he claims cause

6 him ongoing chronic pain.  DSUF ¶ 2; AR ¶ 2.  At the time of the transfer, plaintiff was

7 prescribed naproxen[2] for pain and had a chrono for a hip brace and a knee brace.  DSUF ¶¶ 12,

8 16; AR ¶ 12, 16.  He also had a walker in his possession, but a chrono for the walker was not in

9 his file.  DSUF ¶ 19; AR ¶¶ 12, 19.

10     California Department of Corrections and Rehabilitation (CDCR) policy requires that

11 every newly transferred inmate be examined by a medical provider.[3]  DSUF ¶ 5; AR ¶ 5.  As part

12 of the intake exam, the medical provider determines whether any accommodations indicated on

13 an inmate's current accommodation chrono should be continued and whether any should be

14 discontinued.  DSUF ¶ 6.[4]  Medical staff are not required to issue or continue any order for

15 special accommodation or medicine which they do not believe is supported by the medical

16 records or examination.  DSUF ¶ 7.  The CDCR policy entitled "Comprehensive Accommodation

17 Chrono" sets forth the criteria that qualifies an inmate for any given medical accommodation.

18 DSUF ¶ 8.  As a certified physician's assistant, defendant was a medical provider with the

19 authority, subject to oversight by a medical doctor, to change or discontinue chronos based upon

20 his evaluation of the inmate.  DSUF ¶ 9.

21     Defendant Miranda examined plaintiff in the Receiving and Release Unit on July 17,

22 2012.[5]  DSUF ¶ 10.  Prior to the examination, Miranda reviewed plaintiff's medical files.  DSUF

23

24 2  Some records refer to it by its brand name, Naprosyn.
   3  Plaintiff has changed his response to DSUF ¶ 5 to admit, despite not being given leave to
25 amend his responses beyond providing proper citations.  AR ¶ 5.  However, plaintiff's original
   response to DSUF ¶ 5 was that he could neither admit nor deny the statement (ECF No. 28-1 at ¶
26 5), which would have also resulted in DSUF ¶ 5 being admitted.
   4  Plaintiff states that he cannot admit or deny DSUF ¶¶ 6-9 and 11 because he lacks personal
27 knowledge (AR ¶¶ 6-9, 11), and DSUF ¶¶ 6-9 and 11 are therefore deemed admitted.
   5  Plaintiff disputes this fact in his amended response (AR ¶ 10), but previously admitted the
28 (continued)

¶ 11.  As of July 17, 2012, Plaintiff's most recent radiological report of his left hip, dated November 2, 2011, revealed no abnormalities.[6]  DSUF ¶ 13.  A July 10, 2012 exam note from Dr. Chen indicated that plaintiff had no musculoskeletal system issues and that plaintiff appeared calm, without pain, and was able to get up and sit down without difficulty.  DSUF ¶ 14.  A July 11, 2012 neurology progress note from a nurse practitioner stated that plaintiff was ambulatory, had a steady gait, and appeared to be in no distress.  DSUF ¶ 15.

During the intake exam on July 17, 2012, plaintiff was not wearing his hip brace.[7]  DSUF ¶ 18; AR ¶ 18.  During the exam plaintiff could support his entire body weight while taking off his pants, could sit and stand from his chair without difficulty, had strength in his hips and knees, walked with a stable gait, and reported having no limitations in his daily activities.[8]  DSUF ¶ 20; AR ¶ 20.  Miranda determined that there was no medical need for a hip or knee brace, and

---

statement in his original response (ECF No. 28-1 at ¶ 10).  Plaintiff was not given leave to amend his responses and has not sought such leave.  However, even if the court were to consider the unauthorized amendment to plaintiff's response, his supplemental declaration, which is also unauthorized, indicates that there was at least a brief examination.  AR ¶ 16.  Taken in conjunction with defendant Miranda's notes, which demonstrate that at a minimum Miranda observed plaintiff's movements, the evidence shows that at least some level of examination took place, even if a dispute exists as to thoroughness of the evaluation.  Accordingly, DSUF ¶ 10 will be deemed admitted.

[6]  Plaintiff states that he cannot admit or deny DSUF ¶¶ 13-15 because he lacks personal knowledge of the contents of the reports (AR ¶¶ 13-15), and his claims that he had pain in his hip do nothing to contradict the contents of the reports.  DSUF ¶¶ 13-15 are therefore deemed admitted.

[7]  Plaintiff initially denied this statement.  ECF No. 28-1 at ¶ 18.  However, the denial contradicted his deposition, during which he stated that he had taken the brace off so that defendant Miranda could see it.  ECF No. 27-4 at 8 [PL Depo at 23:1-5].  Although plaintiff was not given leave to amend his responses, the court will accept plaintiff's amended statement that he was not wearing the brace (AR ¶ 18) because it is consistent with the testimony he previously gave during his deposition.

[8]  To the extent plaintiff may have been trying to create a dispute with his supplemental declaration (ECF No. 31-1 at ¶ 16), his response to the statement of facts disputes only that he had full range of motion and stated he was in pain, but does not otherwise dispute DSUF ¶ 20.  The undisputed portions are accordingly deemed admitted.  Moreover, any disputes the supplemental declaration may create are immaterial, as they ultimately support no more than a difference of opinion between plaintiff and defendant as to whether the medical appliances were necessary.

1    discontinued those appliances.[9]  DSUF ¶ 21.  Miranda issued orders for a ground floor cell,

2    bottom bunk, and orthotic shoes, and continued naproxen, which is the only pain medication

3    plaintiff was taking at the time.  DSUF ¶¶ 22, 30; AR ¶¶ 22, 30.

4         VII.   Discussion

5              A.    Medical Appliances

6         Plaintiff asserts that defendant Miranda was deliberately indifferent to his medical needs

7    when he took away plaintiff's hip brace, knee brace, and walker during the intake exam on

8    January 17, 2012, causing him pain.  ECF No. 1 at 2-3, ¶ 6; DSUF ¶ 21; AR ¶ 21.  Defendant

9    seeks summary judgment on the grounds that he was not deliberately indifferent to plaintiff's

10   health needs and that plaintiff did not suffer any injury as a result of defendant's actions.  ECF

11   No. 27-1 at 15-20.

12        In support of his motion, defendant provides the declaration of Dr. Bruce P. Barnett, who

13   opines that defendant Miranda's decision to discontinue plaintiff's medical appliances was within

14   the acceptable standard of care.  ECF No. 27-3 at 13, 15 ¶¶ 17, 21-22; DSUF ¶ 38.  He further

15   notes that plaintiff had "an aging left hip replacement" and opines that plaintiff's "[i]ncreased

16   discomfort from the deterioration of that prosthesis was not the result of any actions or inactions

17   by Miranda."  ECF No. 27-3 at 17, ¶ 28; DSUF ¶ 32.  The records show that at the time of

18   plaintiff's 2015 surgery, his hip was being replaced for a second time and the previous

19   replacement had been done approximately 20 years prior.  DSUF ¶ 2; A.R. ¶ 2.  Defendant

20   Miranda also provides evidence that for the months leading up to and following the intake

21   examination, plaintiff's medical records documented his stable gait and ability to stand and sit

22   without difficulty.  DSUF ¶¶ 14-15, 26-28; ECF No. 27-3 at 5-13, ¶ 14.  There is also evidence

23   that plaintiff did not receive a walker or knee brace until 2015 when he had his hip replaced

24   again, and that he was able to function well during the interim.  DSUF ¶¶ 26-28; AR ¶¶ 26-28;

25   ECF No. 27-3 at 5-15, ¶¶ 14, 19-24.  This evidence supports Miranda's position that his decision

26   _____

     [9]  Plaintiff relies on only his own opinion that his devices were medically necessary.  AR ¶ 21.

27   Since plaintiff has not established that he is competent to provide an opinion on the medical
     necessity of the devices, DSUF ¶ 21 is deemed admitted.

28

1   to discontinue those devices was medically appropriate, as a number of doctors saw plaintiff over

2   the two-and-a-half-year period between the intake exam and surgery and none found it necessary

3   to provide plaintiff with a chrono for a walker or knee brace.  There is no evidence that plaintiff

4   has ever gotten his hip brace back, similarly supporting the position that its discontinuation was

5   appropriate.

6          In his opposition to the motion for summary judgment, plaintiff has failed to provide any

7   medical evidence that would establish that discontinuing his appliances was medically

8   unacceptable or that he suffered any injury as a result of the appliances being discontinued.

9   Instead he relies upon a doctor's report from his 2015 hip surgery that states that there was

10  "evidence of significant liner wear and detritus," and implies that this wear and detritus were due

11  to Miranda's actions.  ECF No. 28 at 4-5; ECF No. 28-3 at 5.  However, he admits that he does

12  not have any expert medical evidence and that nothing in his medical records identifies the cause

13  of the debris.  AR ¶ 35; Recording of September 21, 2016 hearing at 10:14:20-16:43, 10:17:49-

14  18:09.  Plaintiff has failed to put forth any evidence to establish that the pain he experienced was

15  due to anything other than the natural consequence of having an aging prosthesis.

16         To the extent plaintiff attempts to create a factual dispute with his supplemental

17  declaration by disagreeing with defendant Miranda's recorded observations (ECF No. 31-1 at ¶¶

18  13, 15-16, 18), he has not actually raised any dispute beyond the originally expressed

19  disagreement that he had full range of motion and was in pain (AR ¶ 20).  Moreover, even if

20  plaintiff had properly raised these disputes and the court assumed that plaintiff in fact could not

21  fully support his body weight when taking off his pants, could not get up from a chair without

22  difficulty, could not walk with a stable gait, and did not tell defendant Miranda that he had no

23  limitations with his daily activities, these facts are insufficient to establish more than a difference

24  of opinion between plaintiff and defendant as to what the appropriate treatment was for plaintiff's

25  condition.  Similarly, the fact that plaintiff was provided medical appliances at another prison,

26  without more, establishes only a difference of opinion between doctors as to the appropriate

27  treatment.  Plaintiff's attempt at creating a dispute also fails to establish any injury as a result of

28  defendant Miranda's decision to not issue chronos for a knee brace, hip brace, or walker.

12

1    Resultant injury is a requirement for an Eighth Amendment deliberate indifference claim.

2         Finally, plaintiff now tries to assert that defendant Miranda did not offer him a cane or

3    mobility vest.  AR ¶ 34.  Assuming plaintiff's assertion is true, and further assuming that

4    Miranda's documentation that he offered plaintiff a cane demonstrates that it was medically

5    necessary, plaintiff was only without a cane for a few weeks (DSUF ¶ 34; AR ¶ 34) and he has

6    not shown any injury as a result of the delay in treatment.  Wood v. Housewright, 900 F.2d 1332,

7    1335 (9th Cir. 1990) (delay in treatment does not constitute deliberate indifference unless it

8    causes substantial harm) (citing Shapely v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407

9    (9th Cir. 1985) (finding delay of surgery was not deliberate indifference unless it was harmful)).

10        Absent some expert medical testimony stating that Miranda's conduct was medically

11   unacceptable and that plaintiff was injured as a result of Miranda's decision to discontinue his

12   medical appliances, plaintiff can only demonstrate a disagreement with Miranda as to the

13   treatment he should have received.  This is insufficient to sustain a claim for deliberate

14   indifference, and judgment therefore should be entered for defendant Miranda on the claim that

15   discontinuance of plaintiff's medical appliances violated the Eighth Amendment.

16             B.    Pain Medication

17        Plaintiff's opposition does not address the claim that defendant Miranda discontinued his

18   time-released pain medication.  ECF No. 28.  Moreover, plaintiff now admits that he was not on a

19   time-release pain medication when he was transferred (AR ¶ 29) and that Miranda did not

20   discontinue his prescription for naproxen, the only pain medication that he was taking at the time

21   (AR ¶ 30).  During his deposition, plaintiff testified that defendant Miranda discontinued a psych

22   medication he was on for pain, possibly Nortriptyline.  ECF No. 27-4 at 14 [PL Depo at 39:4-10].

23   However, he also testified that the medication was not working (id. [PL Depo at 39:8-13]).

24   Plaintiff fails to challenge defendant's assertion that he provided appropriate care with respect to

25   plaintiff's pain medication and there is no evidence that defendant Miranda discontinued

26   plaintiff's pain medication, let alone that he did so with deliberate indifference to plaintiff's

27   health.  The motion for summary judgment should therefore be granted as to plaintiff's claim that

28   defendant Miranda discontinued his pain medication.

1          C.      Conclusion

2          For the reasons set forth above, the undersigned recommends that the motion for summary

3   judgment be granted.  Because the court finds no Eighth Amendment violation, it declines to

4   address defendant Miranda's claim for qualified immunity.

5          Accordingly, IT IS HEREBY RECOMMENDED that:

6          1.  Defendant's motion for summary judgment (ECF No. 27) be granted, and

7          2.  Judgment be entered for defendant.

8          These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

13  objections shall be served and filed within fourteen days after service of the objections.  The

14  parties are advised that failure to file objections within the specified time may waive the right to

15  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED: January 26, 2017

17

18  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

                                       14